MARGARET A. GRANARA *vs.* COMMISSIONERS OF WALDEN POND STATE RESERVATION & another.

Middlesex.   November 12, 1929. — February 26, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, & WAIT, JJ.

*Walden Pond State Reservation.*

A rule of the Walden Pond State Reservation Commission forbidding that any person "except with written authority from the Commissioners, engage in business, sell, or expose for sale, or give away any goods, wares, or circulars" within the reservation did not contravene a "restriction and condition" in the deeds conveying the land on the reservation to the Commonwealth, that "no part of the premises shall be used for games, athletic contests, racing, baseball, football, motion pictures, dancing, camping, hunting, trapping, shooting, making fires in the open, shows and other amusements, such as are often maintained at or near Revere Beach and other similar resorts."

A petition for a writ of mandamus to restrain the carrying on of business on such reservation by one to whom the commission above described had given written authority "to sell ice cream, tonics, ginger ale, sandwiches and light refreshments at the beach at Walden Pond" within the reservation, and to order the commissioners to enforce the restrictions and rules and regulations by requiring such business to cease, was dismissed although the petitioner was the owner of land

bordering on a State road abutting on the reservation and in a building thereon carried on the sale of refreshments which was similar to that carried on by the concessionnaire and was affected by such competition.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on July 26, 1929, and described in the opinion.

The petition was heard on an agreed statement of facts by *Carroll*, J., who ordered the petition dismissed and reported the case for determination by the full court.

*G. A. McLaughlin*, (*W. H. McLaughlin* with him,) for the petitioner.

*H. H. Ham*, (*L. A. Mayberry* with him,) for the respondents.

WAIT, J. The respondents Bowditch, Barlow and Wardwell are the county commissioners of Middlesex County, who by St. 1922, c. 499, constitute the Walden Pond State Reservation Commission, and by St. 1925, c. 26, are authorized to "make rules and regulations for the government and use of the" Walden Pond State Reservation. The respondent Ada A. Hart, substituted by amendment for Fred R. Hart named as respondent in the petition when filed, is the matron of the reservation, and the holder of written permission from the commission "to sell ice cream, tonics, ginger ale, sandwiches and light refreshments at the beach at Walden Pond" within the reservation. The petitioner is the owner of land bordering on a State road abutting on the reservation, where she maintains a building known as "the Golden Pheasant" and there carries on the sale of refreshments similar to those sold by Mrs. Hart. Her business is affected by the competition of Mrs. Hart. She brings this petition for mandamus alleging that the maintenance of the business of Mrs. Hart within the reservation is a breach of the conditions of the deeds of gift of the lands forming the reservation and of restrictions in those deeds, as well as of the rules and regulations established by the commission, and she prays that the business be restrained and that the commissioners be ordered to enforce the restrictions and rules and regulations by requiring the business to cease.

With a slight exception not here material, all the land on the reservation was conveyed as a gift to the Commonwealth by deeds which recited as follows: "Said parcels are conveyed, however, subject to the restriction and condition that no part of the premises shall be used for games, athletic contests, racing, baseball, football, motion pictures, dancing, camping, hunting, trapping, shooting, making fires in the open, shows and other amusements, such as are often maintained at or near Revere Beach and other similar resorts, it being the sole and exclusive purpose of this conveyance to aid the Commonwealth in preserving the Walden of Emerson and Thoreau, its shores and nearby woodlands for the public who wish to enjoy the Pond, the woods and nature, including bathing, boating, fishing and picnicking."

Whether the petitioner has an interest which would entitle her in any event to enforce the restriction need not be decided.

Rule 1 of the rules and regulations established by the commission forbids, in the very words of the deeds, the uses denounced by the restriction. Comprehensive as they are, those words do not include selling articles of food on the premises. Rule 3 forbids, among other things, that any person "except with written authority from the Commissioners, engage in business, sell, or expose for sale, or give away any goods, wares, or circulars" within the reservation. At some time the commissioners, finding that children and others visiting the reservation were exposed to danger from automobiles upon the State road while crossing to obtain candy, ice cream and refreshments at the places maintained opposite the reservation, as a measure of safety decided to allow Mrs. Hart, the matron, to furnish such articles at a booth on the reservation. She did this, at first, without written permission; but, when complaint was made by the petitioner, written authority was given her before the filing of the petition. No complaint has been made by the donors of the land or by any one in their right. We deem it plain that the rules were not being broken when the petition was filed; and that rule 3 does not permit a

use *contra* to the restrictions.   Whether to authorize numerous, large and extensive places for the sale of refreshments within the reservation would contravene the purpose of the donors and constitute a breach of the condition need not be considered.   There is nothing to indicate that the commissioners contemplate giving such authority.

The order dismissing the petition was right; and entry must be made.

*Order affirmed.*